IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SOMERVILLE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 20-1223 |
| | ) |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| STEPHEN FINNEY, *Corrections Officer*, | ) Re: ECF No. 13 |
| NICK ARIOTTA, *Corrections Officer*, and | ) |
| BRENNAN, *Corrections Officer*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION**

Plaintiff David Somerville ("Plaintiff") presents a civil rights complaint against Correction Officers Stephen Finney, Nick Ariotta, and Brennan (collectively, "Defendants"). Plaintiff alleges that Defendants violated his rights under the Fourth and Eighth Amendments to the United States Constitution when they strip-searched him during his incarceration at the Allegheny County Jail without cause and without sufficient measures to protect his privacy. ECF No. 10.

Presently before the Court is Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted. ECF No. 13. As more fully set forth herein, because Plaintiff has failed to respond to the Motion to Dismiss as ordered by the Court nor otherwise indicate his intention to proceed with this litigation, Plaintiff's Complaint will be dismissed and the Motion to Dismiss will be denied as moot.[1]

This Court issued an Order directing Plaintiff to respond to the Motion to Dismiss no later than January 12, 2021. ECF No. 15. Plaintiff failed to file a response as ordered and on February

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to the jurisdiction of a United States Magistrate Judge to conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 2, 18.

1

9, 2021, the Court issued an Order to Show Cause why this matter should not be dismissed due to Plaintiff's failure to respond to the pending Motion to Dismiss. ECF No. 21. Plaintiff was advised that his failure to respond to the Order to Show Cause by March 9, 2021 would result in this Court recommending that the case against the Defendants be dismissed for failure to prosecute. Id. Plaintiff failed to timely respond to the Order to Show Cause and on March 18, 2021, this Court entered a Report and Recommendation that this action be dismissed due to Plaintiff's failure to prosecute or otherwise participate in the litigation of this action. ECF No. 24. On March 23, 2021, Plaintiff filed a response to the Order to Show Cause, stating that he had not received the Motion to Dismiss, and therefore did not respond. ECF No. 25. Plaintiff submitted a letter to the Court on April 1, 2021, and explained that he did not receive the Motion to Dismiss, and could not respond earlier to the Order to Show Cause because he had contracted the COVID-19 virus and was placed in quarantine. Plaintiff also requested an extension of time. ECF No. 29. The Court granted Plaintiff one final extension of time through, May 1, 2021 to file his response to the Motion to Dismiss and mailed Plaintiff a copy of Defendants' Motion to Dismiss and Brief in Support. ECF No. 30. Plaintiff was advised no further extensions would be granted. The Court's Order and enclosures were not returned to the Court as undeliverable and no response was received. On May 28, 2021, despite the parties' consent to the jurisdiction of a Magistrate Judge in this action, the Court inadvertently entered a Report and Recommendation recommending the dismissal of this action for failure to prosecute, and advising Plaintiff that objections could be filed no later than May 14, 2021. ECF No. 34. Nonetheless, to date, Plaintiff has not filed objections nor provided any indication that he wishes to proceed with this action. Thus, this Opinion is issued to correct the procedural posture of this action and to set forth the grounds for dismissal of Plaintiff's action.

Punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party, the court must consider six factors. These factors, set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case may proceed and weigh heavily against him.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- beyond the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to Defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's repeated failure to comply with the

Court's orders has prevented this case from proceeding and indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek, 964 F.2d at 1373. Accordingly, the Complaint filed in the above-captioned case will be dismissed for failure to prosecute and the pending Motion to Dismiss, ECF No. 13, will be denied as moot. An appropriate Order will be entered.


Dated: July 13, 2021                        BY THE COURT,


                                                                         ***/s/ Maureen P. Kelly***
                                                                          MAUREEN P. KELLY
                                                                          United States Magistrate Judge


cc:      David Somerville
          135430
          Allegheny County Jail
          950 Second Avenue
          Pittsburgh, PA 15219

          All Counsel of Record via CM/ECF